No. 21.—CREED M. JENNINGS, plaintiff in error, *vs.* NATHANIEL SLEDGE, defendant in error.

[1.] A principal having given security on a bail process, may avail himself of a want of conformity between the amount indorsed on the writ and the amount sworn to, by motion to discharge the bail.

[2.] An indorsement on the writ in a bail suit, of an amount larger than the sum sworn to, is contrary to the statute, and the bail process in such a case is void and the bail discharged.

[3.] In an affidavit to hold to bail, the affiant swearing that a specific sum is due, *besides interest,* and setting forth the date of the note and the time of its maturity— the amount sworn to is the specific sum, and no more.

Motion by principal to discharge his bail for nonconformity between the amount sworn to and that indorsed. In Muscogee Superior Court. May Term, 1847. Before Judge ALEXANDER.

Jennings *vs.* Sledge.

The amount sworn to be due as principal upon the note sued, was $412 50, besides interest, but no specific sum was claimed to be due as interest. The amount indorsed on the writ as the amount sworn to was $468 50. The party was held to bail in double the amount indorsed, $937. The motion to discharge the bail for this discrepancy between the amount sworn to and the amount indorsed, was overruled by the Court below. For the further particulars of the case, see the opinion delivered by the Supreme Court.

HOLT, for the plaintiff in error, cited *Prince, title Bail*, 422 ; 1 *Tidd Prac.* 188.

JOHNSON & WILLIAMS insisted that the Court would not, on motion, discharge a bail-bond, but would leave the obligor to his plea to the *sci. fa.* thereon.

The penalty of the bond was not in double the amount sworn to, but less, and when the conditions are less onerous than those which might be required, still the bond is good. *Dudley R.* 23.

*By the Court.*—NISBET, J., delivering the opinion.

A motion was made in this case to discharge the bail taken, in an action of assumpsit on a promissory note. The ground taken in the motion was, that the amount indorsed on the writ was greater than the amount sworn to, and that a bail-bond had been required and given, in double the sum indorsed, and therefore in more than double the sum sworn to. For these reasons it was argued here, and in the Court below, that the bond and bail process were void, and the bail entitled to a discharge. The Judge presiding refused to grant the motion, and his judgment is complained of as being erroneous.

The affidavit of the plaintiff sets forth, that the defendant " is indebted to him in the sum of four hundred and twelve dollars and fifty cents, besides interest, on a note made by said Cook and Jennings, dated the eighth day of October, 1841, payable seven months after date." The indorsement on the writ is,

" Sum sworn to is      -      -      -      -      $468  50

Sheriff take bail in twice the sum sworn to      $937  00"

Bond was accordingly taken in the sum of $937, being a sum

larger, as is alleged, than twice $412 50, the amount to which the plaintiff had sworn.

[1.] The first objection to the granting of the motion is, that this objection to the bond and process, cannot be taken advantage of by motion, but must be pleaded at the proper time and in the proper form. We do not think the objection sustainable. We will not say that it would not be a good plea for the bail, in a suit to charge him on this bond; but inasmuch as the irregularity goes to the validity of the process itself, it may be taken advantage of upon motion. If the indorsement on the writ is not for the sum sworn to, it is not in conformity with the statute. An indorsement, thus conforming, is made by our law a condition precedent to the issuing of the bail process; or, perhaps with more appropriate phraseology, a condition, without which the sheriff has no power to arrest the defendant. If the sheriff had no authority to arrest, then all the proceedings are void. The statute, being in restraint of personal liberty, must be strictly construed against the plaintiff, and liberally *in favorem libertatis.* The plaintiff must bring himself strictly within the conditions prescribed. This application is made by the principal; the effect of it, if granted, is, it is true, to discharge the bail, yet, at the same time, it is to deliver the principal from the custody of his surety. That the principal, after bail given, is in the legal custody of his bail, is an undoubted proposition; the sheriff, when bond is given, delivers the principal into the hands of his surety; the law makes this delivery. The surety is responsible for him, and, being so responsible, he is entitled to his custody; he is in friendly, yet effectual durance. The surety may deliver his principal to the sheriff, in vacation or in open court in term, at any time before final judgment on a *scire facias* to charge him; and when so delivered, it is made the duty of the sheriff to commit him to jail. 3 *Black. Com.* 290; *Swift Dig.* 596; 13 *Mass. R.* 213; 8 *Pick. R.* 138, 140; *Prince,* 423.

If such be the condition of the principal, we see no reason why he may not as well, whilst at large under bail, move his discharge by rule and notice, as by writ of habeas corpus after commitment.

[2.] In order to hold a party to bail by our statute law, the plaintiff must swear to the amount due, or, to use the language of the statute, "to the amount claimed by him," and the amount sworn to must be "indorsed on the petition and process." *Prince,*

Jennings *vs.* Sledge.

422. There is good reason for this latter requirement. The same thing is required in England, by statute 12 Geo. I. It is directory to the sheriff, it is convenient—nay it is mandatory to him; without it he would not be liable if he failed to arrest the defendant. But is it not sufficient for us to say, the law directs it to be done? We think the indorsement, by statutory requirement, must conform to the amount sworn to, so far as not to exceed that amount. What would be our judgment in a case where the indorsement fell short of the sum sworn to, we will declare when the case is made. Is there then in the case before us, a conformity between the indorsement on the writ and the sum sworn to? If the sum sworn to be the $412 50 named in the affidavit, and no more, then the nonconformity is manifest by inspection; for the sum indorsed is $468 50. But it is con- [3.] tended, that the sum sworn to is not $412 50, but $468 50, the amount indorsed. For, say the counsel for the defendant, the amount sworn to is the face of the note declared on, to wit, $412 50, with the interest added from the maturity of the note to the time when the affidavit is taken, and that the principal and interest together make up the sum of $468 50. To make out this conclusion, they say that the affidavit sets forth the time when the note fell due, and the record shows the date of the affidavit, and *id certum est, quod certum reddi potest.* This is not our construction of the affidavit. The plaintiff unquestionably in his affidavit lays claim to the interest as well as the principal; but he swears to no sum but the sum named, and that is the principal only. He swears that the defendant is indebted to him $412 50, besides interest. That is to say, the defendant is indebted to him $412 50, and such other sum as, upon the hearing, may be ascertained to be due on the note, as interest. He does not swear to any specific sum as interest, and the only specific sum sworn to is the sum of $412 50. If, upon the trial of this cause, it should be proven that there was less than fifty-six dollars due on this note, as interest, in consequence of payments, or of the plea of usury, would the plaintiff be liable, upon this affidavit, to a conviction for perjury? I think not.

We think the amount indorsed on the writ is not the amount sworn to, and the motion ought to have been granted.

Let the judgment of the Court below be reversed.

Judgment reversed.